Donald G. SMITH, Plaintiff,

v.

Donald P. MARCHEWKA, Parole Clerk, Auburn Correctional Facility; Donald Mucurio, Parole Officer, 333 E. Washington Street, Syracuse, N. Y.; Robert J. Purcell, Senior Parole Officer, Auburn Correctional Facility; Edward R. Hammock, Chairman, Division of Parole, 1450 Western Ave., Albany, New York, 12203, Defendants.

No. 81–CV–856.

United States District Court, N. D. New York.

Aug. 13, 1981.

---

JAMES T. FOLEY, Senior District Judge.

MEMORANDUM–DECISION and ORDER

The plaintiff, presently an inmate of Attica Correctional Facility, submits a pro se complaint under 42 U.S.C. § 1983. In his usual manner, there is a typewritten, four-page addendum to the form supplied for these submissions by State prisoners. Also, as usual, the allegations and statements to my mind are difficult to follow and analyze in the search for violations of federal constitutional rights and laws that are necessary to support § 1983 actions. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). The plaintiff seeks a temporary restraining order, detailed and drastic declaratory and injunctive relief, and immense compensatory and punitive damages from each of the defendants.

The plaintiff relates, as I read his complaint, that his grievances arose from the seizure of nude photos from his wife when she went to visit the plaintiff at Auburn Correctional Facility on or about July 27, 1979. The plaintiff alleges that these nude photos were forwarded to the Warden, then forwarded to the New York State BCI, who notified the Child Protective Agency in Onondaga County Court, and finally resulted in the filing of charges against the plaintiff and his wife in Onondaga Family Court, and against the plaintiff only in Onondaga County Court. Then occurred what plaintiff describes as "Parole Recission Hearings" that it is claimed violated his due process and equal protection rights under the First, Fifth, Sixth and Fourteenth Amendments of the Constitution, and forms the basis as I understand it for this suit under 42 U.S.C. § 1983 against the named defendant parole officials of New York State.

The plaintiff states he filed this action before, and Magistrate Edward M. Conan of this Court filed a Report and Recommendation on November 7, 1980, recommending that inasmuch as the complaint sought release from confinement, habeas corpus was the proper remedy under *Preiser v. Rodri-*

*guez,* 411 U.S. 475, 489–92, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973). Judge Edmund Port followed the recommendation and dismissed the complaint without prejudice. The present complaint states that plaintiff went back to the State courts and filed for habeas corpus in the Supreme Court, Cayuga County, and unsuccessfully appealed to the Appellate Division, Fourth Department, and then was denied leave to appeal by the Court of Appeals. To avoid the impact of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), which was relied on by Magistrate Conan for dismissal of the previous complaint, the plaintiff apparently does not request release from confinement in this new complaint.

It is difficult for the federal court to keep pace with the pro se filings of the plaintiff. As this is being written, there is another pro se habeas corpus application by him to be considered and decided by me in which he challenges the parole detainer, apparently involved in the situation here, which he claims was beyond the authority of the New York State parole officials to file and violated parole regulations. My office records show that plaintiff had a civil rights complaint dismissed by me on July 17, 1973. Then, apparently after violation of parole, the next civil rights complaint was dismissed by Judge Port on May 7, 1979. Thereafter, there has been a continuous submission by the plaintiff of civil rights complaints, habeas corpus petitions, and motions.

My office record for this one State prisoner to the present (undoubtedly with more entries to come) demonstrates the task of record keeping:

(F) 7/17/73 CR dis. 73–CV–320

(P) 5/ 7/79 CR den. & dis. 79–CV–329

(C) 7/15/80 Complaint ordered filed & processed. 80–CV–566

(C) 11/ 7/80 Recommended complaint be dis. 80–CV–907

(C) 12/22/80 Recommended that motion to dis. be den., etc. 80–CV–566

(P) 1/ 8/81 Complaint dis. w/o prej. 80–CV–907

(F) 2/ 4/81 HC Pet. ordered filed & processed. 81–CV–121

(M) 2/28/81 Plaintiff's motions dis. 80–CV–566

(F) 6/ 1/81 Motion for default by pl. den. & dis. 81–CV–121

(F) 6/ 9/81 HC dis. w/o prejudice. 81–CV–598

(F) 6/12/81 Motion to vacate judg. den. & dis.—penned on foot of motion. 81–CV–121

(F) 6/23/81 HC Motion to vacate denial, den. & dis. 81–CV–598

(F) 6/25/81 HC Cert. Probable Cause den. 81–CV–598

(F) 8/ 4/81 HC Dis. w/o prej. to refiling. 81–CV–802

*Explanation*: (F) Judge Foley; (P) Judge Port; (C) Magistrate Conan; (M) Chief Judge Munson. Of course, the disposition to litigate would not bar the consideration of new claims that possess federal merit.

 From my review, there are many legal reasons why this complaint on its face does not assert viable constitutional claims under 42 U.S.C. § 1983. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Boothe v. Hammock,* 605 F.2d 661 (2d Cir. 1979). There is no standing to attack a regulation simply because it may be improperly applied to someone else, and the level of a prisoner's Fourth Amendment protection does not rise to that possessed by an unincarcerated member of society. *Bonner v. Coughlin,* 517 F.2d 1311, 1315, 1317 (7th Cir. 1975). A room-search rule, and New York has one for control and search for contraband, does not violate the Fourth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 555–557, 99 S.Ct. 1861, 1882–1883, 60 L.Ed.2d 447 (1979); *New York Department of Correctional Services, Classification 4910,* 5/8/77, Control of and Search for Contraband. It has been ruled that State Parole board officials have absolute immunity

from a 42 U.S.C. § 1983 suit. *Sellars v. Procunier*, 641 F.2d 1295, (9th Cir. C.A. 1981).

 It seems to be the situation here that the unlawful search and seizure relied upon by the plaintiff has been decided in the State courts and there can be no § 1983 action in the federal court based on that same issue. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Collateral estoppel applies generally in § 1983 actions when issues have been decided adversely in a state criminal trial. *Winters v. Lavine*, 574 F.2d 46, 58 (2d Cir. 1978). I am also mindful that central to all other correctional goals is the institutional consideration of internal security within the correctional facilities themselves. *Pell v. Procunier*, 417 U.S. 817, 823, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Bell v. Wolfish, supra*, 441 U.S. at 547–48, 99 S.Ct. at 1878–79 (1979).

Finally, in the drafting of this decision, I read an affidavit of Deputy Assistant Attorney General Daniel L. Saxe, in support of the motion of the State Respondents to dismiss the habeas corpus petition of this same plaintiff in 81–CV–121 (NDNY). This affidavit dated May 29, 1981, contains some interesting and eye-opening information. This plaintiff was paroled on August 14, 1974 and "violated" October 24, 1976. "He was reparoled July 11, 1977 and reviolated December 11, 1978." The plaintiff received a final revocation hearing at which he was represented by counsel. The plaintiff may have been eligible for parole on September 5, 1979, but a routine search of petitioner's wife on July 27, 1979, on her visit to Auburn, revealed nude photos of petitioner and his twelve-year-old daughter engaged in oral sodomy. This affidavit of Deputy Assistant Attorney General Saxe is incorporated into the file of this action by reference. In that habeas corpus petition, plaintiff disputes the authority of a New York Senior Parole Officer to issue the Parole Warrant on December 11, 1978, against the plaintiff.

This complaint in my certain judgment is frivolous in the federal sense. It shall be filed without payment of fee and is dismissed.

It is so Ordered.